SOUTHERN RY. & LIGHT CO. *v.* BEEKMAN *et al.*

(Division B.  May 5, 1930.  Suggestion of Error Overruled May 19, 1930.)

[128 So. 71.  No. 28416.]

**L. T. Kennedy,** of Natchez, for appellant.

**Engle & Laub,** of Natchez, for appellees.

Argued orally by **L. T. Kennedy,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Drs. Philip and Marcus Beekman filed a bill in the chancery court of Adams county for a mandatory injunction against the Southern Railway & Light Company, alleging that the defendant was engaged in furnishing electricity to the general public of Natchez, and that the complainants were members of the general public, and were solvent and able to pay for any bills due and owing by them; that for many years the complainants had been customers of the Southern Railway & Light Company, and had promptly paid their bills; that they were owners and users of an X-ray machine, and that under the ordinances of the city of Natchez the maximum charge for the use of a meter or other electric apparatus was one dollar per month; that in May, 1925, the defendant rendered a bill to the complainants for the X-ray machine of ten dollars, when as a matter of fact the bill should have been for one dollar; that the complainants refused to pay the ten dollars minimum charge claimed by the light company, and that said company cut off the service, and that by reason thereof complainants had been greatly damaged by the loss of business and by humiliation, and prayed

for mandatory injunction to force connections to be restored by the light company, and for damages for cutting off and denying the service.

The defendant answered and denied the material allegations of the bill, but set out that there was no ordinance fixing the maximum rate under such circumstances and conditions at one dollar per month, that the amount charged was just and reasonable, and that the company had a rule for the discontinuance of the service upon the nonpayment of the bills. The light company made its answer a cross-bill, and asked judgment for four hundred fifty dollars, being at the rate of ten dollars per month for the service of the X-ray machine.

The court heard the evidence, granted the prayer of the bill, and gave two dollars per month for a certain period of time as the proper amount. From this judgment this appeal is prosecuted.

It appears from the proof that on or about the 18th day of December, 1921, the city of Natchez passed an ordinance fixing certain rates as maximum charges for any individual, company or corporation, to furnish the city of Natchez, or its inhabitants, electric light and power. The rates were granted upon the amount consumed ranging from fourteen cents to seven cents per kilowatt with a discount of five per cent., if paid in cash within ten days from the date of the bill rendered. Section 2 of this ordinance provided for the service charge, and the pertinent part reads as follows: "That a maximum charge of one dollar per month is hereby authorized to be made and collected by any individual, company or corporation furnishing such electric light as a service charge for all lighting installations of less than one kilowatt; and on all lighting installations of larger capacity than one kilowatt, a maximum charge of one dollar per month may be made for each kilowatt, even though no electric light is used."

It appears from the evidence that in using the X-ray machine the appliance furnishing the service or connection must have a larger capacity of electricity in order to

make the pictures, but that the total kilowatt consumed in such operation is not usually large. There is a dispute in the testimony as to how much kilowatt capacity service was required for the use of the particular machine operated by the complainants; it was in excess of one kilowatt, and proof ranges from about two and sixty-five one hundredths to ten kilowatt capacity. It further appeared that other places in the city of Natchez were using X-ray machines, and the charges varied with the persons or institutions using them.

After the suit was instituted, that is to say, about the 14th day of July, the mayor and board of aldermen passed another ordinance fixing the service charge for electricity, in which it provided for installation of service or service appliances as follows: ''For all installations up to one kilowatt a maximum charge of one dollar per month; and for all installations in excess of one kilowatt a maximum charge of two dollars per month,'' and provided a penalty for charging more than the amount fixed in the said ordinance. The defendant pleaded that this ordinance was unreasonable and was passed without notice, etc., it being challenged on the ground that fixing a service charge for any kind of appliance necessary to render such charge at the rate of two dollars per month is necessarily unreasonable.

It appears in the testimony that the company had furnished Dr. Beekman electricity for many years at his office in the city, and for a number of years he had operated an X-ray machine, and that the charges had been rendered at one dollar per month for the services in addition to the kilowattage consumed. The defendant's testimony showed that this was done under a mistake as to the capacity of the service connection. The charges in the cross-bill suit to be maintained do not relate back to past service rendered under mistakes, but relate to service charge, etc., from the date of the re-connection of the service made under the mandatory injunction. There was no motion made to dissolve the mandatory injunction, but the answer was filed and the cause

litigated on its merits, the court denying any charge or compensation for the amount until the last ordinance passed, after which time they allowed two dollars per month until the Southern Railway & Light Company sold out to another corporation, which the record shows they did.

Under the ordinance of 1921, the corporation was permitted, but not required, to charge for each kilowatt capacity service appliance. There is no proof about what such appliances in the particular instance cost nor what length of time a service appliance could be used without repair or charge for upkeep of the life of said service appliance and no basis for calculating with any preciseness what would be a reasonable charge. Inasmuch as there is no effort to charge for that service prior to May, 1925, we are not called upon to deal with the question as to whether the mistake would authorize the defendant to make a back assessment or charge against the complainants for such use. The ordinance of 1921, fixing as a fact that a one dollar per month charge for each kilowatt service is a reasonable charge, must be accepted by the court as such in the absence of proof to the contrary. The passage of the ordinance after the filing of the suit, there being no proof upon which the reasonableness of the charge can be established or to show that the amount fixed by the board of aldermen and the mayor is unreasonable, must stand until the ordinance is shown by averment and proof to be in fact unreasonable as applied to the particular service and appliance involved here. The complainants could not complain, neither could the defendant complain, as the particular service here involved and the charges allowed thereof are reasonable, that other appliances and services and the charge fixed therefor might be unreasonable. The ordinance is presumed to be reasonable where the proper authorities have passed upon the proposition after investigation, as the record shows was done in this case, and those challenging the reasonableness of the ordinance must present facts

by allegations and proof which establish the unreasonableness.

The court erred in not allowing the service connections in excess of one dollar per month. It should have found the fact as to the capacity of the connection or service and allowed therefor at the rate fixed by the ordinance of 1921 on such capacity, in the absence of the proof that that was an unreasonable charge, or that it was customary in Natchez to furnish similar connections at the rate of one dollar per month. A public service corporation must furnish service to the community on a basis of equality of right without discrimination between those in the same class; in other words by charging one person a higher rate for the same service than it charges to others.

The judgment of the court below will therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.